## WILDER S. THURSTON *vs.* CITY OF LYNN.

Essex.   Nov. 4, 1874. — Jan. 9, 1875.   AMES & DEVENS, JJ., absent.

The St. of 1861, c. 107, amending the charter of the city of Lynn and giving the mayor and aldermen of that city, with the concurrent vote of the common council, exclusive authority to lay out, alter or discontinue any street or town way, to establish the grade thereof, and to estimate the damages any individual may sus-

tain thereby, does not apply to a case where damages are sustained by repairing a highway or town way, and any person whose property is injured by such repair may enforce his remedy under the Gen. Sts. *c.* 44, §§ 19, 20.

PETITION on the Gen. Sts. *c.* 44, §§ 19, 20, to the county commissioners, for a jury to assess damages, setting forth that the petitioner was the owner of an estate at the corner of Union and Silsbee Streets in Lynn, and that he had suffered damage to said estate " by reason of the lowering of said streets in the month of April, 1872, by said city, for the purpose of repairing said streets and of fixing the grade thereof ; " that after the commencement of the work, and within one year after the completion thereof, namely, on April 23, 1872, he presented his petition to the mayor and aldermen of said city, requesting them to adjudicate upon the question of said damage, and to allow him reasonable compensation therefor ; that said mayor and aldermen did not finally adjudicate upon the question of said damages within thirty days after the filing of the petition, and that the said parties did not agree to extend the time therefor by any agreement in writing ; that afterwards, on May 6, 1873, the mayor and aldermen refused to allow him any compensation for said damages, and reported and accepted leave to withdraw on his said petition.

At the trial before a sheriff's jury, no evidence was offered of any action or vote of the city government authorizing the repairs, and it was admitted that no such action or vote had been taken by the city. Evidence was offered to show that the person who was at that time surveyor of highways for the city was present and directing the work ; this was objected to as incompetent to show that it was the act of the city. The sheriff sustained the objection, and ruled that, to entitle the petitioner to recover damages under the petition, he must show such action of the mayor and aldermen, with the concurrent vote of the common council, as is provided in the city charter. The petitioner alleged exceptions, and declined to put in any further evidence. The jury found for the respondent. The Superior Court accepted the verdict, and the petitioner appealed.

*G. O. Shattuck & W. A. Munroe,* for the petitioner.

*S. E. Ireson,* for the respondent.

MORTON, J. This petition is brought under the Gen. Sts. c. 44. That chapter gives a remedy against a town, in the mode adopted by the petitioner, to any owner of land adjoining a highway or town way, who sustains damage in his property by reason of any raising, lowering or other act done for the purpose of repairing such way. Gen. Sts. c. 44, §§ 19, 20. By § 35, the provisions of this chapter are made to apply to cities, except as otherwise provided in their charters.

The city charter of Lynn provides that " the mayor and aldermen of the city of Lynn, with the concurrent vote of the common council, shall have exclusive authority and power to lay out, alter or discontinue any street or town way, to establish the grade thereof, and to estimate the damages any individual or party may sustain thereby ; and the person or party dissatisfied with the decision of the city council, in the estimate of damages, may make complaint to the county commissioners of the county of Essex, at any meeting held within one year after such decision, whereupon the same proceedings shall be had as are now by law provided in cases where persons or parties are aggrieved by the assessment of damages by the selectmen, in the forty-third chapter of the General Statutes." St. 1861, c. 107.

At the trial before the sheriff's jury, it was ruled that, to entitle the petitioner to maintain this petition, he must show that the work by which he sustained damage was done under the vote or action of the mayor and aldermen, with the concurrent vote of the common council, under the above cited provision of the charter.

We are of opinion that this ruling was erroneous. It can only be sustained upon the ground that the St. of 1861, above cited, was intended to change the provisions of the Gen. Sts. c. 44, so far as applicable to the city of Lynn. Such is not the fair construction or effect of that statute. It deals with the subjects of laying out, altering and discontinuing ways, being the subjects embraced in the Gen. Sts. c. 43, and expressly refers to that chapter for the remedy of any person aggrieved by the action of the city council. It makes no provision for cases of repairs of ways, which is the subject of c. 44. The last named chapter is not affected by it, but remains in force and applies to the defendant city. The petitioner alleges that he has sustained damage " by

reason of the lowering of said street" "for the purpose of repairing said street and of fixing the grade thereof." This states a case within *c.* 44, and the addition of the words "and of fixing the grade thereof" does not show that the lowering by which he was damaged was an act within the exclusive authority of the city council, and not within the authority of the surveyor of highways by whom it was done. He may therefore maintain his petition under the Gen. Sts. *c.* 44, without proving a concurrent vote of the city council authorizing the repairs. *Mitchell* v. *Bridgewater*, 10 Cush. 411. *Verdict set aside.*