### IDA F. C. SIMPSON *vs.* CITY OF NORTH ADAMS.

Berkshire.    September 12, 1899. — October 21, 1899.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Damages occasioned by making Ordinary Repairs in Highway — Board of Public Works.*

Under St. 1895, c. 148, entitled " An Act to incorporate the city of North Adams," an application for damages occasioned in making ordinary and not specific repairs in the highway in front of the petitioner's premises, should be made to the board of public works and not to the city council.

PETITION, under Pub. Sts. c. 52, § 15, to the Superior Court for a jury to assess damages caused by the board of public works in making repairs in the highway in front of the petitioner's premises in North Adams.

At the trial in the Superior Court, before *Dewey*, J., it appeared that the repairs, which were ordinary and not specific, raised the grade in front of the petitioner's premises; that the petitioner duly made application to the mayor and the city council for an assessment of damages, but none were assessed; that no application was ever filed with the board of public works, and that the petitioner offered in evidence the original petitions or applications, and they were excluded on the ground that they should have been made to the board of public works. The judge dismissed the petition and directed a verdict for the respondent; and the petitioner alleged exceptions.

*M. E. Couch,* ( *C. J. Parkhurst* with him,) for the petitioner.

*E. M. Wood,* ( *P. J. Ashe* with him,) for the respondent.

LATHROP, J. The charter of the city of North Adams, St. 1895, c. 148, provides, in § 34, that there shall be certain administrative officers, and among them is " A board of public works, consisting of three persons." The duties of this board are designated in § 37, and it is declared: " The board of public works shall have cognizance, direction, and control: (*a*) Of the construction, alteration, repair, care, and lighting of streets, ways, and sidewalks." Then follows an enumeration of their other powers, and the section closes with these words: " The said

board shall also, except as herein otherwise provided, have exclusively the powers and be subject to the duties, liabilities, and penalties which may be by law given to or imposed upon road commissioners of towns. . . ."

In *Walker* v. *West Boylston*, 128 Mass. 550, it was held that a petition to the Superior Court under the Gen. Sts. c. 44, §§ 19, 20, (which correspond to the provisions of the Pub. Sts. c. 52, §§ 15, 16, under which the petition in the case at bar is brought,) for a jury to assess the damages occasioned to the petitioner's estate, by a change of grade in a highway in the respondent town, was properly dismissed, on the ground that the application for damages should have been made to the road commissioners and not to the selectmen.    This decision was made under the St. of 1871, c. 158, as amended by the St. of 1873, c. 51, § 1, which, so far as material, reads as follows: " Said road commissioners, in matters concerning streets, ways, bridges, . . . shall exclusively have the powers and be subject to the duties, liabilities, and penalties of selectmen and surveyors of highways."    The language is the same in the Pub. Sts. c. 27, § 75.    This section was repealed by the St. of 1893, c. 423, § 1; but § 23 of the same act contains substantially the same language.    When, therefore, the legislature in the charter of North Adams used language which once had been interpreted by this court, we must assume that it was intended to have the meaning and effect which the court had already given it, unless qualified by other words.

The petitioner contends that the words near the end of § 37 of the charter, " which may be by law given to or imposed upon road commissioners of towns," have reference only to future legislation.    But this seems to us too narrow a construction of the language used.    The section enumerates certain powers, and then concludes with the general clause already cited.    It seems to us clear that the meaning is to include present as well as future legislation.

A more serious question arises in regard to the qualifying words of the general clause, " except as herein otherwise provided."    The petitioner relies upon certain sections of the charter to cut down the powers given to the board of public works by § 37.    Thus § 13 in regard to the city council provides: " The council shall, so far as is not inconsistent with this act,

have and exercise all the legislative powers of towns, and have all the powers and be subject to all the liabilities of city councils, and of either branch thereof, under the general laws of the Commonwealth." But the general power conferred is qualified by the words " so far as is not inconsistent with this act," and it seems to us that the words used do not cut down the power given by § 37 to the board of public works.

Section 23 of the charter provides: " The city council shall, with the approval of the mayor, have exclusive authority and power to order the laying out, locating anew, or discontinuing of all streets and ways and highways within the limits of said city, and to assess the damages sustained by any person thereby, and further, except as herein otherwise provided, to act in all matters relating to such laying out, locating anew, altering, or discontinuing. Any person aggrieved by the assessment of his damages or other action of the council under this section, shall have all the rights and privileges now allowed by law in such cases in appeals from decisions of the selectmen of towns."

We have no doubt that, under § 23, the city council has the exclusive power, in the first instance, to assess damages arising from the laying out, locating anew, or discontinuing a street or way, and perhaps in the case of an alteration ; but in the case at bar the change of grade was made by the board of public works in making ordinary repairs, which were not specific repairs ; and this was clearly within their jurisdiction. The words used in § 23 do not include ordinary repairs. *Thurston* v. *Lynn,* 116 Mass. 544. Nor is the change in the grade of a street an " alteration," where it is made without an adjudication, in so repairing the way as to keep it safe and convenient, and to better adapt it to the uses for which it had been intended. *Callender* v. *Marsh,* 1 Pick. 418. *Brown* v. *Lowell,* 8 Met. 172, 176. *Proctor* v. *Stone,* 158 Mass. 564, 567.

We are of opinion, therefore, that the application should have been made to the board of public works, and not to the mayor and the city council ; and that the ruling below was right.

*Exceptions overruled.*