FANNIE J. GARVEY *vs.* INHABITANTS OF REVERE.

Suffolk.   November 15, 16, 1904. — March 4, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Damages*, From change of grade in highway.   *Way*, Repairs of highway.   *Municipal Corporations.   Damages.*

A petition under Pub. Sts. c. 52, § 15, for damages from a change of grade in a highway of a town is filed properly if it is taken to the office of the selectmen of the town and handed to one of the selectmen in the presence of two others although the board is not in session at the time and no record of the filing is made.

The grant of a location to a street railway company by the selectmen of a town required the grade of the portions of a certain street between the tracks and eighteen inches outside of the tracks to be raised, and this was done, in accordance with plans drawn by the town engineers by direction of the selectmen and under the direction of the superintendent of streets, raising the level of this part of the street about twenty-two inches above the level previously existing. There was no record that the grade of the street had been established legally at any time or that the previously existing grade had been changed.   The superintendent of streets caused the street to be graded to the same height between the location of the railway and the land of the abutters.   On the petition of an abutter against the town for damages from the change of grade, it was held, that the grading of the street between the location of the railway and the petitioner's land was done in the way of ordinary repairs, in regard to which the superintendent of streets was the agent of the town, and that the petition could be maintained.

At the hearing of a petition under Pub. Sts. c. 52, § 15, against a town for damages from a change of grade in a highway, it is proper to exclude evidence offered by

the town to show that the change of grade was necessary in order that a system of drainage not authorized at the time but afterwards put in might be adopted, because the measure of damages is the difference between the value of the petitioner's property immediately before the change of grade and immediately after it, less any special benefit and advantage to his estate caused by the change of grade, and the reasons for the change of grade are immaterial.

At the hearing of a petition under Pub. Sts. c. 52, § 15, against a town for damages from a change of grade in a highway, it is proper to exclude evidence offered by the town to show that by reason of the change of grade it became possible to make certain improvements such as the construction of sidewalks and the laying of surface drainage and sewer pipes, these being improvements for which special assessments could be laid upon the abutters under the Public Statutes.

PETITION, filed February 14, 1901, under Pub. Sts. c. 52, § 15, for damages to a lot of land and buildings of the petitioner on Ocean Avenue in Revere from the raising of the grade of that avenue on or about August 1, 1900.

At the trial in the Superior Court before *Harris*, J. the jury returned a verdict for the petitioner and assessed the damages in the sum of $775. The respondent alleged exceptions, raising the questions stated by the court.

*S. R. Cutler*, (*S. L. Bailen* with him,) for the respondent.

*B. B. Dewing*, for the petitioner.

LATHROP, J. 1. The first question presented is whether the petition was properly filed with the selectmen. The evidence was that the petition was taken to the office of the board of selectmen in the town hall at Revere, at a time when the board was not in session, and was handed to one Andrews, who was a member of the board of selectmen, in the presence of two other members of the board. We are of opinion that this was sufficient. The petitioner had done all that she could do, and if the selectmen failed to make a record of the fact of the filing, or otherwise failed in their duty, such failure cannot affect the petitioner. *Erskine* v. *Boston*, 14 Gray, 216, 217. *Sisson* v. *New Bedford*, 137 Mass. 255. See also *Orne* v. *Barstow*, 175 Mass. 193.

2. On January 2, 1900, a location was granted to the Lynn and Boston Railroad for a double track on Ocean Avenue, in the following terms: " The grade of Ocean Avenue between Beach Street and Revere Street shall be raised to a grade to be established by the town, and said railroad will grade that portion of Ocean Avenue occupied by their tracks and the space between the tracks and eighteen inches outside the tracks, to the satis-

faction of the board of selectmen." This location was accepted by the board of directors of the railroad. The street was paved to the width required by the grant of location, and the level of the street was raised under the direction of the superintendent of streets about twenty-two inches above the level previously existing. It did not appear by the records that the grade of Ocean Avenue had been legally established at any time, or that the existing grade had been changed. It was found that the changes in 1900 were made by the direction of the board of selectmen, who instructed the town engineers to draw plans making the grade high enough properly to drain the street, and to protect the pipes from freezing. The tracks were placed in the middle of the street.

It is obvious that what was done in grading the street between the location of the railway and the petitioner's land was done in the way of ordinary repairs, and that the petitioner had a right to maintain her petition. *Proctor* v. *Stone*, 158 Mass. 564, 569. *McManus* v. *Weston*, 164 Mass. 263. *Simpson* v. *North Adams*, 174 Mass. 450. The case is not one of specific repairs, nor does it fall within *Vigeant* v. *Marlborough*, 175 Mass. 459, and *Underwood* v. *Worcester*, 177 Mass. 173, relied upon by the respondent.

3. At the trial the respondent offered to prove that the raising of the grade of Ocean Avenue was necessary in order that the system of drainage, which was put in afterwards, but which was not included in the order for the alteration and had not been authorized at the time, although it was a part of the entire scheme which the engineers had in mind in making the changes, might be put in; and that the system of drainage, which was in fact subsequently put in, and which did effectually drain the surface of the street, could not have been put in if the street had not been raised as it was raised. This evidence was excluded.

We are of opinion that this evidence was rightly excluded. The measure of damages was the difference between the value of the petitioner's property immediately before the change in grade and its value immediately after, less the special benefit and advantage to her estate caused by the change of grade. The reasons which induced the municipal authorities to change the grade of the street are not material in determining either

the damage sustained by the petitioner or the benefit received by her.

4. "At the conclusion of the evidence at the trial, the respondent requested the court to instruct the jury that if they should find that after the work described in the petition was completed, said work had rendered surface drainage or the laying of sewers possible, whereas it was impossible before; or if they should find said work rendered surface drainage easier or more efficacious than it was before said work was completed, then the jury should take that fact into consideration in estimating the benefits which the petitioner's land received from the alleged alterations on Ocean Avenue, and further asked the court to instruct the jury that in estimating the benefits received by the petitioner from the alterations on Ocean Avenue, the jury should consider the laying of the drain in said Ocean Avenue. The court refused to give the rulings requested, but instructed the jury in substance that while they might in passing on the question of damage or benefit take into consideration the fact that the town had the right to put in such things as drains and sewers at any time in the future, they could not consider the fact that such right had since been exercised after the order of alteration, as the rights of the parties became fixed upon the passing of that order. To this refusal the respondent duly excepted."

We are of opinion that the rulings requested were properly refused, and that the ruling given was sufficiently favorable to the respondent. It was found that the work subsequently done, such as the making of sidewalks and the laying of the drain and sewer, were under such circumstances as permitted the respondent, under the Public Statutes, to lay a special assessment upon the petitioner's land, for these improvements. It therefore would be unjust and inequitable to allow the benefit to the petitioner's land from these improvements to be set off against the petitioner's claim.

*Exceptions overruled.*