FRANCIS PEABODY, JR., & others, trustees, *vs.* CITY OF BOSTON.
SAME *vs.* SAME.

Suffolk.   November 20, 1914. — February 27, 1915.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Way,* Public: extent of easement. *Washington Street Tunnel. Easement. Damages,* For property taken or impaired under statutory authority. *Constitutional Law.*

The public easement of travel in city streets, the fee in which is owned by the owners of the adjacent land, permits the construction by the public authorities of subways and tunnels for public travel beneath the surface of the street without the giving of compensation to the landowners beyond that which was given when the street originally was laid out; and the exercise of such right a long time after the original laying out of the street infringes no constitutional right of the landowner.

The owner of land beneath a public street has a right to use such land in any way not inconsistent with the public easement of travel; but, even a long time after the street originally was laid out, the public, without paying to the landowner any compensation beyond what he was paid when the street was laid out, may construct a subway or tunnel beneath the street for the purposes of public travel although thereby the owner is deprived of all use of the land.

Neither at common law nor by St. 1902, c. 534, § 8, has the owner of land on Washington Street in Boston, where none of his land was taken, any right of compensation for damage caused by the building of the Washington Street tunnel in the half of the street of which he owned the fee subject to the public easement of travel, although he was caused expense by being required to remove boilers and other structures placed by him beneath the street and was deprived of further use of his land beneath the street.

PETITIONS, filed respectively on April 13 and September 21, 1907, under St. 1902, c. 534, for the assessment of damages alleged to have been caused by the construction of the Washington Street tunnel in Boston.

In the Superior Court the cases were tried before *Stevens*, J. The evidence is described in the opinion. After answers were returned by the jury to certain special questions submitted to them, the judge ordered verdicts for the respondent and reported the cases for determination by this court.

*M. J. Dwyer*, for the petitioners.

*G. A. Flynn*, for the respondent.

RUGG, C. J. The petitioners owned the Devonshire Building and the lot on which it stood, at the corner of Washington, State and Devonshire Streets in Boston and fronting on all three of these streets. They seek to recover damages caused to this estate by the construction of the Washington Street tunnel. No land has been taken from the petitioners. The foundations of the building, so far as necessary, were supported by concrete walls built underneath them by the Boston transit commission without expense to the petitioners and the jury have found that they have sustained no damage on this account. But they owned the fee of the land adjacent to their building to the centre of Washington Street and had excavated and used space under the sidewalk in connection with their building. The construction of the subway not only has appropriated a portion of this space, but has rendered necessary the removal of boilers and other appurtenances to another part of their basement, whereby they have been occasioned expense. All the tunnel constructions so far as now material are within the limits of Washington Street.

The point to be decided is whether the petitioners are entitled to recover damages on this ground.

It is plain that, if there were no statute governing the subject, the petitioners would have no standing. The public acquired

the right to use the land, within the boundaries of the taking of the easement of travel, for all reasonable means of transportation for persons and commodities which the advance of civilization may render suitable for a highway. The fee of the land remains in the landowner, who may use it in any reasonable way not inconsistent with the paramount right of the public easement which is coextensive with the limits of the highway. When the needs of the public for the purpose of travel increase, they are superior and the landowner must withdraw even to the extent of being quite excluded. *Commonwealth* v. *Morrison,* 197 Mass. 199, 203. *Lentell* v. *Boston & Worcester Street Railway,* 202 Mass. 115. Changes of grade or raising or lowering the surface of highways made by public authority for the purposes of public travel afford no cause of action to an abutting landowner apart from statute. Included in the same public right is the subterranean use of the streets for travel. *Sears* v. *Crocker,* 184 Mass. 586. All damages for these and such like uses were included in the assessment of compensation for the original laying out of the highway. No constitutional right of the abutting landowner is invaded by the exercise of the rights acquired by the public but suffered to lie dormant for a time. *Callender* v. *Marsh,* 1 Pick. 418. *Hyde* v. *Boston & Worcester Street Railway,* 194 Mass. 80.

The petitioners contend that they are given right to damages by St. 1902, c. 534, the material portions of which are in a footnote.* The power conferred upon the commissioners by § 6 is

---

* "Section 6. The commission may for the purposes of this act use public ways and lands without compensations therefor. . . ."

"Section 8. The commission shall determine and award the damages sustained by any person by reason of property taken or injured by the commission under authority of this act, except public ways or lands, and may agree with any person as to the amount to be paid as damages sustained by him for any property so taken or injured, which damages the city shall be liable to pay. . . .

"Section 9. The commission may order the temporary removal or relocation of any surface tracks, and the temporary or permanent removal or relocation of any conduits, pipes, wires, poles or other property of any person or corporation, which it deems to interfere with the construction or operation of the tunnel or subway, and shall grant new locations for any such structures so removed or relocated. Such orders, to the extent specified therein, shall be deemed a revocation of the right or license to maintain such tracks, conduits,

comprehensive and unqualified. Its natural signification is to clothe them with the authority to exercise the entire right obtained by the public when the easement for a public way was acquired. That this was the meaning intended is confirmed by the terms of § 8, whereby the commission is required to award damages sustained by reason of property taken or injured "except public ways or lands." The provision of § 9 which requires all structures "or other property of any person or corporation" in public ways or land which the commission deems to interfere with the construction or operation of the tunnel to be removed without expense to the city, tends to the same construction.

Giving to the words employed in the statute their common and unconstrained meaning, it seems clear that the Legislature tried to confer upon the commission the right to do that which rightfully it might do within the streets without being under liability to owners of the fee or licensees therein who had appropriated to their own uses parts of the highway not theretofore needed for the exercise of the easement of travel.

Comparison of § 8 of the statute here in question with St. 1894, c. 548, §§ 26 and 34, as amended by St. 1895, c. 440, § 1, is significant of a change of legislative purpose. That statute contained no exception as to highways, and it was held in *Fifty Associates* v. *Boston,* 201 Mass. 585, that under those statutes an abutting landowner who suffered injury, although none of his land was taken, was entitled to recover damages, following in principle *Hyde* v. *Fall River,* 189 Mass. 439. Manifestly the Legislature designed to accomplish a different end by the statute now under consideration. The case at bar is distinguishable from those decisions. It falls into the class illustrated by *Callender* v. *Marsh, ubi supra, Howe* v. *West End Street Railway,* 167 Mass. 46, and

---

pipes, wires, poles or other property, and the owner of any such structures in public ways or lands shall comply with such orders without expense to the city. If such owner shall fail to comply with the order of the commission within a reasonable time, to be fixed in the order, the commission may discontinue and remove such tracks, conduits, pipes, wires, poles or other property, and may relocate the same, and the cost of such discontinuance, removal or relocation shall be repaid to the city by the owner. No such discontinuance, removal or relocation shall entitle the owner of the property thus affected to any damages on account thereof."

*Underwood* v. *Worcester*, 177 Mass. 173. See *New England Telephone & Telegraph Co.* v. *Boston Terminal Co.* 182 Mass. 397.

*Judgment on the verdict.*