Iver Johnson Sporting Goods Co. *vs.* City of Boston.

Suffolk.   February 6, 1956. — July 6, 1956.

Present: Qua, C.J., Ronan, Spalding, Counihan, & Whittemore, JJ.

*Municipal Corporations*, Liability for tort, Waterworks, By-laws and
  ordinances. *Negligence*, Water pipe, Contractual limitation of liability.
  *Way*, Public: basement under way. *Contract*, Of indemnity. *Boston.*

The city of Boston, by an ordinance that "every owner of an estate here-
  after maintaining any . . . excavation under the . . . [adjacent] street
  . . . shall do so only on condition that such maintenance shall be con-
  sidered as an agreement on his part to hold the city harmless from
  any claims for damage to himself or the occupants of such estate re-
  sulting from . . . water leaking into such excavation or upon such
  estate," could not render itself immune from liability to the owner of
  a building abutting a public street where there was a water main and
  having a basement under the sidewalk for damage resulting from the
  city's failure to act with due diligence in stopping a flow of water into
  the building from a break in the main with which the presence of the
  basement had no causal connection.

Tort.   Writ in the Superior Court dated May 12, 1948.
The action was tried before *Dowd, J.*

*Walter F. Henneberry, (Declan W. Corcoran & Arthur L.
Brown* with him,) for the plaintiff.

*Joseph Graglia,* Assistant Corporation Counsel, for the
defendant.

Ronan, J.   These are the plaintiff's exceptions taken to
the direction of a verdict for the defendant in an action of
tort brought to recover for damage due to a break in one
of the defendant's water mains with the consequent escape
of water into the plaintiff's building.

There was evidence tending to show that the break oc-
curred in a twelve inch "high service" pipe laid in Washing-
ton Street, near the corner of Cornhill, upon which the
plaintiff's premises fronted, at about four-thirty o'clock on

the morning of November 22, 1947. The city in maintaining a system for the distribution and sale of water for domestic purposes was engaged in a commercial and not a governmental function and was bound to use reasonable care to see to it that no harm resulted to the public from the maintenance of the system. *Sloper* v. *Quincy*, 301 Mass. 20, 24. *Sullivan* v. *Saugus*, 305 Mass. 127, 130. *Harvard Furniture Co. Inc.* v. *Cambridge*, 320 Mass. 227. *Gordon* v. *Medford*, 331 Mass. 119, 123. Even apart from whatever caused the break in the main, there was a great conflict in the testimony as to the time the water was shut off, and thus there was presented a question of fact as to whether the city acted with due diligence in stopping the flow of water from the broken pipe. *Cole Drug Co. of Massachusetts* v. *Boston*, 326 Mass. 199, 201–202. *A. DaPrato Co.* v. *Boston, ante*, 186.

It was agreed at the trial that the basement of the plaintiff's building extended out under the sidewalks of both streets of the corner lot upon which the building was located. The provision of an ordinance of the defendant in so far as material reads as follows: "Every owner of an estate hereafter maintaining any cellar, vault, coal hole or other excavation under the part of the street which is adjacent to, or a part of, his estate, shall do so only on condition that such maintenance shall be considered as an agreement on his part to hold the city harmless from any claims for damage to himself or the occupants of such estate resulting from gas, sewage or water leaking into such excavation or upon such estate . . . ." Revised Ordinances of 1947, c. 27, § 18. The judge, basing his action upon the ordinance, directed a verdict for the defendant.

The defendant relies upon *Boston* v. *A. W. Perry, Inc.* 304 Mass. 18, where under another part of a similar predecessor ordinance, c. 27, § 18, it was held that the ordinance was applicable where the city paid a judgment to a pedestrian injured by reason of a broken or missing "hyatt" light in the iron frame that formed the ceiling of a basement which extended under the sidewalk, and the city was al-

lowed to recover. The facts in that case differ materially from those in the instant case. There the injury occurred on the surface of the street and was due to the negligence of the landowner. The want of the light interfered with the use of the way by a traveller. Here there was no causal connection between the location of the basement and the break in the water main. The existence of the basement did not interfere in any manner with the use of the way. The location of the basement under the sidewalk was not illegal or wrongful. The Legislature may or may not award compensation to the abutter when actual use of that space is made by the public, *Fifty Associates* v. *Boston,* 201 Mass. 585, *Peabody* v. *Boston,* 220 Mass. 376; but a city cannot by an ordinance create immunity from its own negligence causing damage to an abutter who has made no use of the way which interferes with the public easement.

*Exceptions sustained.*