WILLIAM J. NORRIS *vs.* CITY OF NEWTON.

Suffolk. March 1, 1926. — March 29, 1926.

Present: CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Way*, Public: defect.

A temporary removal, by employees of a city, of a cover of a manhole of a sewer in a public way, while the sewer is being cleaned, is not a defect in the public way within the provisions of G. L. c. 84, § 15.

A city is not liable for personal injuries caused to a conductor of a street car when, as he was passing to the rear of a car to restore a trolley to its wire, he fell into a manhole between the rails of the track, from which the cover temporarily had been removed by employees of a city to clean a sewer and from beside which a guard had stepped temporarily for the car to pass.

TORT for personal injuries received when the plaintiff fell into a manhole in a public highway in Newton. Writ dated April 17, 1923.

In the Superior Court, the action was tried before *Green-halge*, J. Material evidence is described in the opinion. At the close of the evidence, the defendant moved for a verdict

in its favor. The motion was denied. The jury found for the plaintiff in the sum of $850. Before the verdict was recorded, the trial judge reserved leave to order a verdict for the defendant. On motion by the defendant, such verdict then was ordered, and the plaintiff alleged exceptions.

*R. T. Healey,* for the plaintiff.

*J. W. Bartlett,* City Solicitor, for the defendant, submitted a brief.

CROSBY, J. This is an action under G. L. c. 84, § 15, to recover for personal injuries received by the plaintiff, as the result of his falling into an uncovered manhole on Galen Street in the defendant city. Most of the facts are not in controversy.

There was evidence that the manhole, which was located in the center of the inbound track of the Boston Elevated Railway Company, had been opened by employees of the city for the purpose of cleaning the sewers in the street; that at the time of the accident one employee had descended to the bottom of the manhole and another was on guard; that as the inbound car, on which the plaintiff was a conductor, approached the manhole, the motorman saw that it was open and that a man was standing beside it; that the motorman stopped his car before reaching the hole; that the man guarding the hole stepped off the track to the right, toward the sidewalk, and at the same time motioned the motorman to proceed; that as the car was passing over the hole the trolley came off the wire, and soon afterwards the motorman applied the brakes and the car was stopped with the rear end at a point about one and a half or two feet past the manhole. The plaintiff testified that after the trolley came off and the car came to a stop, he opened the rear door and went around the rear end of the car with the trolley rope in his hand, and took a step or two and fell into the hole.

The allegations of the declaration are that he was injured as a result of the negligence of the defendant, its servants and agents, "in that it failed to erect and maintain . . . suitable guards to prevent travellers from falling into said manhole or to give some notice that the place was dangerous to pass over; that the place on said highway . . . was at the

time a dangerous place, that . . . had existed for some length of time previous to the time that the plaintiff was injured and that the defendant had known or through . . . its agents, officers or servants ought to have known of the dangerous condition . . . ."

It is plain that the removal of the cover of the manhole temporarily, while the sewers were being cleaned, was not a defect in the highway within the meaning of the statute. *Butterfield* v. *Boston,* 148 Mass. 544, 545. It appears that an employee of the city was stationed at the hole to guard it; that he was obliged to step off the track and away from the path of the car when it approached; that almost immediately thereafter the plaintiff stepped off the car and passed around the rear end and fell into the hole. Manifestly, a barrier placed upon the track over the hole would not have been a more effective warning to travellers than an employee guarding the hole for that purpose. If by reason of the open manhole the street was unsafe for travel, it was but a transitory defect for which the city is not legally responsible. *Butterfield* v. *Boston, supra.* *Hawes* v. *Milton,* 213 Mass. 446, 448. *Bolster* v. *Lawrence,* 225 Mass. 387, 389. *Braley* v. *Massachusetts Northeastern Street Railway,* 236 Mass. 275, 279. It follows that the allegations of the declaration, so far as they charge the defendant with liability under the statute, have not been proved.

*Exceptions overruled.*