Alfred J. D'Urso *vs.* Town of Methuen.

Essex.   October 9, 1958. — November 7, 1958.

Present: Wilkins, C.J., Ronan, Spalding, Counihan,
& Cutter, JJ.

*Municipal Corporations*, Liability for tort, Waterworks.   *Negligence*,
Trench.   *Way*, Public: excavation.

One injured when his automobile went into a trench excavated by a town's
water department in a highway in connection with the maintenance
of its water system as a commercial undertaking was not confined to
the remedy against the town under G. L. c. 84, § 15, for a defect in the
highway, but might maintain an action against it at common law based
on negligence on its part with respect to the trench even though
negligence of the operator of another automobile might have con-
tributed to the accident.

Tort.   Writ in the Superior Court dated March 25, 1955.
The action was tried before *Bolster*, J.
The case was submitted on briefs.
*Matthew A. Cregg*, for the defendant.
*Anthony J. Randazzo*, for the plaintiff.
Ronan, J.   The plaintiff had verdicts for personal injury
and property damage to his automobile when he ran into a
trench, excavated by the water department of the defend-
ant town upon a public way, about six o'clock on the after-
noon of June 1, 1954, during a rain storm.   The plaintiff
was travelling north along the public way which was about
thirty-five feet wide.   For the last minutes during his ap-
proach to the trench another automobile was running
abreast on the left of the plaintiff, until it passed in front
of his automobile and turned to its right.   The plaintiff then
turned to his left, applied his brakes, and skidded into the
trench, which he did not see until he was within fifteen feet
of it.
The excavation was seven feet long and thirty inches wide.
It was located ten and one half feet from the curbstone on

the easterly or right hand side of the street where both automobiles were travelling shortly before the accident. The trench was guarded by three horses and twelve lanterns which were lighted. A person could have a clear view of the lanterns and the trench fifteen hundred feet as he approached, although there is a bend in the road where the trench was located. The plaintiff did not see the excavation until he was fifteen feet away. He attempted to pass the other automobile and was suddenly confronted by the trench which was then fifteen feet ahead. The case is here upon the defendant's exception to the denial of its motion to direct a verdict for it.

The principal contention of the defendant is that the defendant is not liable except for a defect in a highway under G. L. c. 84, § 15, and that the plaintiff cannot recover unless the negligence of the town was the sole cause of his injury. Here the defendant says that if the negligence of the plaintiff or the operator of the other automobile or both was a contributing cause of the accident there could be no recovery under § 15. *Igo* v. *Cambridge,* 208 Mass. 571, 576, and case cited. The short answer to that contention is that the plaintiff was not confined to the statutory remedy which he had for a defect in the highway. Here· the defendant town was engaged in a commercial undertaking rather than in a governmental capacity. *Hand* v. *Brookline,* 126 Mass. 324. *Sullivan* v. *Saugus,* 305 Mass. 127. *Harvard Furniture Co. Inc.* v. *Cambridge,* 320 Mass. 227. *Cole Drug Co. of Mass.* v. *Boston,* 326 Mass. 199. *Iver Johnson Sporting Goods Co.* v. *Boston,* 334 Mass. 401. It was said in *Sloper* v. *Quincy,* 301 Mass. 20, 24, that a municipality is liable for negligence in digging a trench in connection with its water system "just as a private corporation would be liable in performing a similar service." It was further said in that case at page 24, "And, in the case at bar, as the liability of the defendant does not arise from a failure on its part to keep the way in proper repair, but arises from its act in digging a pit and leaving it insufficiently or improperly filled and unguarded, in the course of conduct of its com-

mercial venture in maintaining its water system, G. L. c. 84, § 18, does not apply." "The plaintiff was free to pursue his remedy at common law. In the circumstances his due care was a question of fact. *Duff* v. *Webster*, 315 Mass. 102. *Kelly* v. *Railway Exp. Agency, Inc.* 315 Mass. 301. There was no error in refusing to grant the motion for the direction of a verdict for the defendant.

*Exceptions overruled.*