383 Mass. 707 (1981)
421 N.E.2d 1196
DOROTHY GALLANT, administratrix,
vs.
CITY OF WORCESTER.
Supreme Judicial Court of Massachusetts, Worcester.
February 5, 1981.
June 4, 1981.
Present: HENNESSEY, C.J., BRAUCHER, WILKINS, LIACOS, & ABRAMS, JJ.
Conrad W. Fisher for the plaintiff.
Bennett S. Gordon, Assistant City Solicitor, for the defendant.
LIACOS, J.
The plaintiff Dorothy Gallant, administratrix of the estate of Regis Gallant, brought this action against the city of Worcester (city) for conscious pain and suffering *708 and wrongful death of her intestate. The defendant filed a motion to dismiss under Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974). The motion was allowed, and the plaintiff appealed. We transferred the appeal here on our own motion.
We summarize the allegations of the plaintiff's complaint. On September 15, 1977, Regis Gallant was struck by a motor vehicle while he was lawfully in a public way in the city, known as Lincoln Square. He subsequently died of the injuries sustained in the accident. The plaintiff was appointed administratrix of the decedent's estate on October 27, 1977. On November 16, 1979, she initiated suit under G.L.c. 258, § 2, as appearing in St. 1978, c. 512, § 15. Her complaint alleged negligent design, construction, and maintenance of Lincoln Square and further asserted "[p]roper request for investigation was made" pursuant to G.L.c. 258, § 4. See Pruner v. Clerk of the Superior Court in the County of Norfolk, 382 Mass. 309, 315-316 (1981).
The city brought a motion to dismiss the action, based on three grounds, pursuant to Mass. R. Civ. P. 12 (b) (6). In a supporting trial memorandum the city argued that the complaint could not be viewed as having been brought under the provisions of G.L.c. 258.[1] It claimed that the complaint only set forth a cause of action under G.L.c. 84, §§ 15, 18, and 19, and G.L.c. 229, § 1. The city further maintained that the claims under G.L.c. 84 and c. 229 should be dismissed because of the plaintiff's failure to comply with the thirty-day notice and the two-year statute of limitations provisions of those statutes.[2]
*709 The plaintiff acknowledges that her suit was not timely under G.L.c. 84, § 18, as amended through St. 1973, c. 1085,[3] but she claims a remedy based on common law negligence. Her argument appears to be that the abrogation of municipal tort immunity through G.L.c. 258, § 2, makes available a general negligence claim against the city. The city maintains that the pleadings make out a cause of action for injury and death from a defect in a public way, for which G.L.c. 84 and c. 229, § 1, provide exclusive remedies. The city offers an alternative argument, namely, that, even if the complaint is viewed to assert a claim under G.L.c. 258, the discretionary function exception found in G.L.c. 258, § 10 (b), bars this suit.[4] The judge granted the city's motion without findings or rulings. All the grounds underlying the city's motion are open for appellate review. Pupecki v. James Madison Corp., 376 Mass. 212, 215 (1978).
The reference to G.L.c. 258 in the complaint does not preclude relief on other legal theories. Under current Massachusetts practice there is no requirement that a complaint state the correct substantive theory of the case. See Mass. R. Civ. P. 8 (a) (2), 365 Mass. 749 (1974); Mass. R. Civ. P. 54 (c), 365 Mass. 820 (1974). "[A] complaint is not subject *710 to dismissal if it would support relief on any theory of law" (emphasis in original). Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979). See Holt Civic Club v. Tuscaloosa, 439 U.S. 60, 65-66 (1978) (omission of substantive theory will not bar redress of meritorious claims). After determining the current force of the pertinent statutes, we conclude that dismissal was proper to the extent that the pleadings raised a claim cognizable under G.L.c. 84, but was improvidently granted as to the wrongful death claim.
1. The exclusivity of G.L.c. 84. We note that a judge deciding a motion to dismiss brought under rule 12, looks initially only at the pleadings. Reporters' Notes to Mass. R. Civ. P. 12, Mass. Ann. Laws, Rules of Civil and Appellate Procedure at 152 (1974). The first count of the plaintiff's complaint is for personal injury. The plaintiff's complaint avoided in this count the language of G.L.c. 84, § 15, which permits limited recovery against a governmental unit for "injury or damage" caused by a "defect" in a public way.[5] She claimed instead that negligent design, construction, and maintenance are unrelated to the state of the road itself. Although the pleadings present no factual description of the cause of injury, they make out the substance of a claim under G.L.c. 84, § 15. See generally Whalen v. Worcester Elec. Light Co., 307 Mass. 169, 174-175 (1940) (plaintiff may not avert statutory limits on recovery for defects in public way by claiming common law nuisance). The pleadings evince each of the separate elements of a cause of action under G.L.c. 84: a public way, a defect, *711 and notice thereof. The plaintiff acknowledged that Lincoln Square is a public way. Her complaint alleged "an unsafe and dangerous condition for the use of pedestrians, all of which the Defendant had due notice or by reasonable inspection thereof, might and should have had due notice." Our decisions have construed a "defect," for purposes of G.L.c. 84, to be anything in the state or condition of the way that renders it unsafe or inconvenient for ordinary travel. Whalen v. Worcester Elec. Light Co., supra at 174. Gregoire v. Lowell, 253 Mass. 119, 121 (1925). An allegation of notice is facially apparent in the quoted portion of Gallant's complaint. The complaint clearly is one within the scope of G.L.c. 84, § 15.
Prior to the enactment of G.L.c. 258, G.L.c. 84 was the exclusive remedy for claims against governmental entities responsible for defects in ways. Whalen v. Worcester Elec. Light Co., supra at 175. In enacting the tort claims act, the Legislature took pains to preserve the status and force of G.L.c. 84. Section 18 of St. 1978, c. 512, specified that the abrogation of governmental immunity "shall not be construed to supersede or repeal ... sections fifteen to twenty-five, inclusive, of chapter eighty-four of the General Laws." This saving clause thus retains the section as it had effect under prior statutory and decisional law. We find no inconsistency between this reservation of limited liability and the purpose underlying the tort claims act, viz., to institute "a rational scheme of governmental liability that is consistent with accepted tort principles and the reasonable expectations of the citizenry with respect to its government." Whitney v. Worcester, 373 Mass. 208, 215 (1977). The statutory scheme purports to broaden the range of tort claims beyond the numerous judicial and statutory exceptions earlier created to pierce the armor of immunity. See Morash & Sons v. Commonwealth, 363 Mass. 612, 619-623 (1973). The Legislature did not, however, intend to establish new or enlarged bases of tort liability. By its terms, St. 1978, c. 512, § 18, preserves the exclusivity of G.L.c. 84. See generally Cervone & Hardy, The Massachusetts *712 Governmental Tort Liability Act and Its Discretionary Function Immunity: An Analysis and a Modest Proposal, 14 Suffolk U.L. Rev. 1251, 1284-1285 (1980) (limited governmental liability for defects in ways expressly retained); Glannon, Governmental Tort Liability Under the Massachusetts Tort Claims Act of 1978, 66 Mass. L. Rev. 7, 19 (1981) (Legislature intended to exclude completely from the tort claims procedure defect claims under c. 84, § 15).
We discern nothing on the face of the pleadings or elsewhere in the record to suggest an injury qualitatively distinct from that cognizable under G.L.c. 84. Cf. Slaney v. Westwood Auto Inc., 366 Mass. 688, 701 (1975). To the extent the pleadings constituted a claim for injury resulting from a defect in the way, the judge properly dismissed the action.
2. The wrongful death claim. The second count of the plaintiff's complaint is based on the same allegations of fact, but seeks damages for the wrongful death of the plaintiff's intestate. The city asserts that this count was properly dismissed because it was time-barred by virtue of G.L.c. 229, § 1. The city's assertion that the plaintiff's claim for wrongful death also falls exclusively under G.L.c. 229, § 1,[6] is not buttressed by the explicit saving language which preserved G.L.c. 84. Section 18 of St. 1978, c. 512, omits any mention of the wrongful death statute. Instead, that section calls for a liberal construction of the act and declares that: "Any other provision of law inconsistent with any other provisions of this chapter shall not apply." Without express preservation, the limited liability for wrongful death *713 under § 1 of G.L.c. 229 is inconsistent with the recovery for "injury or death" allowed by G.L.c. 258, § 2. Although this court finds implied repeal with caution and reluctance, the inconsistency raises an inference that the specific and earlier statutory provisions of G.L.c. 229, § 1, yield to the broader liability later enacted by G.L.c. 258, § 2. See Doherty v. Commissioner of Administration, 349 Mass. 687, 690-691 (1965). This inference rises to a conviction as we compare the legislative histories of G.L.c. 84, § 18, and G.L.c. 229, § 1. Although the two statutes are in pari materia, see Morash, supra at 620, and Whalen, supra at 175, and although G.L.c. 229, § 1, tracks the substantive language of G.L.c. 84, § 15, their treatment by the Legislature compels opposite conclusions about their present force. Early Senate versions of G.L.c. 258 never allude to G.L.c. 229, although intermediate drafts inserted the saving proviso cited above for G.L.c. 84. Compare 1978 Senate Doc. No. 683, § 20 (liberal construction and severability clauses; no saving of existing statutes) with 1978 Senate Doc. No. 1528 and 1647 (preserving effect of G.L.c. 84). All Senate versions, however, contemplated recovery for both death and injury, as currently provided by G.L.c. 258, § 2. Contrast 1978 House Doc. No. 1394 at 2, line 24 (House version of tort liability act encompassed only injury).
In addition to the omission of G.L.c. 229, § 1, from the saving clause of St. 1978, c. 512, § 18, the Legislature consistently refrained from amending that section of the wrongful death statute after St. 1961, c. 166. This legislative inaction with regard to § 1 of G.L.c. 229 stands in sharp contrast to the sequence of modifications of § 2 of that chapter, providing for general wrongful death recovery. We deduce that the Legislature considered the § 1 limits on governmental death liability mere surplusage after 1978. In 1979, G.L.c. 229, § 2, was amended to update the statute of limitations to three years. St. 1979, c. 164, § 1. By companion legislation in 1979, the statute of limitations for G.L.c. 84, § 18, was also extended to three years. St. 1979, c. 163, § 1. See also 1979 Senate Doc. Nos. 710 *714 and 711. Section 1 of G.L.c. 229, remained unaffected, with the two-year limitation still ostensibly in effect.
Our holding that G.L.c. 229, § 1, has been implicitly repealed is consistent not only with the terms of the enabling act but, more importantly, with the goals of G.L.c. 258. The Legislature might reasonably choose to put a wrongful death claimant on a different footing from one claiming injury by virtue of a defect in a way. The latter claims are likely to be myriad in number, to run a whole range of harm, and to constitute a constant drain on the governmental treasury. See Morash, supra at 623; Glannon, supra at 16 & n. 114. Death claims, on the other hand, being drastic in the extreme and relatively infrequent, need not be constrained to the recovery limits of G.L.c. 84.[7] By virtue of the implied repeal of G.L.c. 229, § 1, we rule that the dismissal of Gallant's action, to the extent that the city argued the limitations of that statute, would not be warranted.
3. Effect of the implied repeal of G.L.c. 229, § 1. Section 2 of G.L.c. 258, by which the Legislature abrogated governmental tort immunity, renders public employers liable "in the same manner and to the same extent as a private individual under like circumstances." This language puts governmental entities on the same footing as private tort defendants, but does not enlarge governmental liability beyond the remedies already established under the common and statutory law. Cf. Feres v. United States, 340 U.S. 135, 141 (1950); see generally Glannon, supra at 14, 16. Thus, G.L.c. 258, § 2, does not generate new causes of action by its terms; it simply permits a person in the position of the plaintiff to have recourse to the previously established general wrongful death remedy, G.L.c. 229, § 2.[8]
*715 The operation of G.L.c. 258, § 2, and the vitiation of G.L.c. 229, § 1, thus render the plaintiff's claim cognizable under G.L.c. 258.[9] As to the statute of limitations pertaining to the plaintiff's claim thereunder, G.L.c. 258, § 4, provides a limitations period for commencing suit of three years from the date of death. The instant suit is thus not time-barred under that section.
In so ruling we observe that the administrative requirements of G.L.c. 258, § 4, would apply. Pruner v. Clerk of the Superior Court in the County of Norfolk, 382 Mass. 309, 315-316 (1981). The record suggests but does not establish such compliance. We further decline to decide, on the scant record before us, whether the discretionary function exception of G.L.c. 258, § 10 (b), might totally preclude Gallant's action. We do not intimate the result on remand, but the possibility exists that further factual presentation may lead to summary judgment based on statutory immunity or on lack of compliance with the prerequisites of G.L.c. 258, § 4.
In summary, we hold that the first count of the plaintiff's complaint constitutes in substance a claim for injury from a defect in a public way. This count, untimely brought under G.L.c. 84, § 18, was properly dismissed. By the implied repeal of G.L.c. 229, § 1, which would otherwise control the instant action for wrongful death, the plaintiff's claim against the city is at least cognizable under G.L.c. 258, § 2. The second count of the complaint therefore was timely brought and a dismissal based on the pleadings was not warranted. We remand the case to the Superior Court for further proceedings consistent with this opinion.
So ordered.
NOTES
[1] The complaint would not be time-barred if it was brought under G.L.c. 258, as that statute has a three-year statute of limitations provision. G.L.c. 258, § 4.
[2] General Laws c. 84, § 18, as amended through St. 1973, c. 1085, requires that "[a] person so injured shall, within thirty days thereafter, give to the county, city, town or person by law obliged to keep said way in repair, notice of the name and place of residence of the person injured." See also G.L.c. 84, § 19, which allows the thirty days' notice to be given from the date of an administrator's appointment. The plaintiff admits that no such notice was given. General Laws c. 84, § 18, further specifies that a claimant "may recover ... in an action of tort if brought within two years after the date of such injury or damage." The accident occurred on September 15, 1977. She filed a complaint on November 16, 1979, two months after the statute of limitations had run. Similarly, the statute of limitations for G.L.c. 229, § 1, as amended through St. 1961, c. 166, requires commencement of action "within two years after the injury causing the death."
[3] The most recent amendment to G.L.c. 84, § 18 (St. 1979, c. 163, §§ 1, 2), applied a three-year limitation to causes of action arising after its effective date.
[4] General Laws c. 258, § 10 (b), as appearing in St. 1978, c. 512, § 15, precludes any suit under c. 258 which is "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty."
[5] General Laws c. 84, § 15, as amended by St. 1965, c. 214, provides, in part: "If a person sustains bodily injury or damage in his property by reason of a defect or a want of repair or a want of a sufficient railing in or upon a way, and such injury or damage might have been prevented, or such defect or want of repair or want of railing might have been remedied by reasonable care and diligence on the part of the county, city, town or person by law obliged to repair the same, he may, if such county, city, town or person had or, by the exercise of proper care and diligence, might have had reasonable notice of the defect or want of repair or want of a sufficient railing, recover damages therefor from such county, city, town or person...."
[6] General Laws c. 229, § 1, as amended through St. 1961, c. 166, provides in part: "If the life of a person is lost by reason of a defect or a want of repair of or a want of a sufficient railing in or upon a way, causeway or bridge, the county, city, town or person by law obliged to repair the same shall, if it or he had previous reasonable notice of the defect or want of repair or want of railing, be liable in damages not exceeding four thousand dollars, to be assessed with reference to the degree of culpability of the defendant and recovered in an action of tort commenced within two years after the injury causing the death by the executor or administrator of the deceased person...."
[7] Recovery under G.L.c. 84, § 15, is limited to $5,000; under G.L.c. 229, § 1, to $4,000; under G.L.c. 258, § 2, to $100,000.
[8] Our earlier case law prohibited wrongful death recovery against a municipality on the theory that a municipality was not a "person" for purposes of the statutes. Donohue v. Newburyport, 211 Mass. 561, 566 (1912). The Legislature clearly intended to do away with the "person" distinction in enacting G.L.c. 258.
[9] Recovery, though substantively premised on G.L.c. 229, § 2, would be limited to the terms of G.L.c. 258. See G.L.c. 258, § 2 (recovery against governmental entity may not exceed $100,000, or be based on punitive damages).