CORNELIA KROMHOUT, executrix, *vs.* COMMONWEALTH.

Middlesex.    September 8, 1986. — December 2, 1986.

Present: HENNESSEY, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Way,* Public: defect. *Massachusetts Tort Claims Act. Governmental Immunity. Commonwealth,* Liability for tort. *Evidence,* Competency, Collateral matter.

An action to recover damages for a motorist's death allegedly caused by a defect in a State highway was properly brought against the Commonwealth under G. L. c. 229, § 2, the wrongful death statute, and G. L. c. 258, the Massachusetts Tort Claims Act. [689-692]

In an action against the Commonwealth for a motorist's wrongful death allegedly caused by a defect in a State highway, the plaintiff's evidence as to the number of accidents occurring at the same location during a six-year period, followed, later in the trial, by testimony of the plaintiff's expert as to the significance of this number of accidents, was not admissible, even in the discretion of the trial judge, without evidence that the conditions were the same at the time of the collision in question and at the time of the previous accidents. [692-693]

CIVIL ACTION commenced in the Superior Court Department on July 8, 1981.

The case was tried before *William C. O'Neil, Jr.,* J.

The Supreme Judicial Court granted a request for direct appellate review.

*William A. Mitchell,* Assistant Attorney General, for the Commonwealth.

*Patricia M. Watson* for the plaintiff.

HENNESSEY, C.J. This case presents an issue, specifically reserved in *Patrazza* v. *Commonwealth, ante* 464, 466 & n.1 (1986), involving the Commonwealth's liability in a wrongful death action arising from a defect in a State highway. The plaintiff, Cornelia Kromhout, executrix for the estate of her husband, Herman Kromhout, brought this action for wrongful death against the Commonwealth. At a jury trial in the Superior

Court, the Commonwealth moved for a directed verdict at the close of the plaintiff's evidence and again at the close of the Commonwealth's case. Both motions were denied. The jury returned a verdict for the plaintiff in the amount of $273,000. Pursuant to the limitations of G. L. c. 258, § 2, the judge ordered entry of judgment for the plaintiff in the amount of $100,000. The judge also denied subsequent motions by the Commonwealth for judgment notwithstanding the verdict and a new trial. The Commonwealth appealed, and this court allowed the plaintiff's application for direct appellate review. We conclude that the judge was correct in denying the defense motions for a directed verdict and for judgment notwithstanding the jury verdict. However, we reverse and order a new trial because of erroneous rulings on evidence.

The case arises from the February 24, 1981, collision of the decedent's automobile with a truck, owned by the Corenco Corporation and operated by Donald DeCelles, on Massachusetts State Highway Route 1A in Hamilton.[1] The accident occurred on a rainy day at an S-curve on Route 1A near the intersection of Moulton and Gardner Streets. Due to precipitation on that and the previous day, a water puddle had accumulated in the southbound lane in which the truck operated by DeCelles was traveling. Just prior to the impact, DeCelles' truck hit the puddle, covering his windshield with water and obscuring his vision for a second. Although there was conflicting testimony as to whether the collision took place in the northbound or the southbound lane, the impact forced both cars to the shoulder of the northbound lane. Herman Kromhout died as a result of the accident.

The plaintiff alleged that the Commonwealth failed to provide adequate drainage at the curve where the accident occurred. The plaintiff contended that, as a result, an unusually large puddle of water collected in the area at the curve during heavy rains and created a condition unreasonably dangerous

---

[1] Corenco Corporation and Donald S. DeCelles were orginally named defendants. They settled with the plaintiff prior to trial, and judgments of dismissal were entered under Mass. R. Civ. P. 41 (a) (2), 365 Mass. 803 (1974).

to motorists. The plaintiff's complaint specifically charged that the Commonwealth was negligent in the "design, construction and maintenance" of this section of highway. In its special verdict, the jury found the Commonwealth to be "negligent in a manner proximately causative of the accident . . . [i]nsofar as the existence of the puddle is concerned."[2] The Commonwealth does not now argue that the evidence was insufficient to warrant that conclusion.

The plaintiff's wrongful death action is based on G. L. c. 229, § 2, and G. L. c. 258, the Massachusetts Tort Claims Act. Section 2 of c. 258, as appearing in St. 1978, c. 512, § 15, provides that "[p]ublic employers shall be liable for . . . personal injury or death caused by the negligent or wrongful act or omission of any public employee while acting within the scope of his office or employment, in the same manner and to the same extent as a private individual under like circumstances . . . ." This Act has been interpreted to "broaden the range of tort claims beyond the numerous judicial and statutory exceptions earlier created to pierce the armor of [governmental] immunity." *Gallant* v. *Worcester,* 383 Mass. 707, 711 (1981). Because the definition of "public employer" in G. L. c. 158, § 1, includes the Commonwealth, the plaintiff argues that an action may be brought against the Commonwealth under G. L. c. 229, § 2, the wrongful death statute, to recover damages for death caused by a defect in a State highway.

1. We address first the Commonwealth's arguments in support of its motions for a directed verdict and for judgment notwithstanding the verdict.

The Commonwealth argues that G. L. c. 258 is not implicated in this case because whatever liability the State faces must be based on G. L. c. 81, § 18. Section 18 imposes liability on the Commonwealth for "injuries sustained by persons while

---

[2] The jury also found that (1) the Commonwealth was not negligent in a manner proximately causative of the accident in so far as the adequacy of warning signs and devices was concerned; (2) Herman Kromhout was not negligent in a manner proximately causative of the accident; and (3) Donald DeCelles was negligent in a manner proximately causative of the accident.

traveling on state highways, if the same are caused by defects within the limits of the constructed traveled roadway . . . ." Section 18 of St. 1978, c. 512, specified that the abrogation of governmental immunity under G. L. c. 258, "shall not be construed to supersede or repeal section eighteen of chapter eighty-one . . . of the General Laws." Thus, the Commonwealth argues that G. L. c. 81, § 18, remains as the exclusive basis for actions against the Commonwealth arising from injuries resulting from defects in a State highway. The Commonwealth adds that recovery under G. L. c. 81, § 18, is precluded in this instance for two reasons. First, the requisite statutory notice was not given as required by G. L. c. 81, § 18, and second, any negligence on the part of the Commonwealth was not the sole cause of the death of the plaintiff's testate. *Tomasello* v. *Commonwealth, ante* 284, 286 (1986) ("if either a plaintiff's negligent conduct or the wrongful conduct of a third person is also a cause of the injuries, that circumstance bars recovery . . .").

The Commonwealth attempts to substantiate its claim by alleging that, prior to the enactment of G. L. c. 258 in 1978, G. L. c. 81, § 18, was the exclusive basis for an action for damages for death due to a State highway defect. However, the Commonwealth can cite no case which holds that the Commonwealth's liability for "injuries" under G. L. c. 81, § 18, embraced liability for wrongful death. The plaintiff argues that, by its express terms, the statute is limited to claims for personal injuries and does not include claims for wrongful death. The plaintiff's contention is in accord with decisions by this court which have stated that "ordinarily the Legislature does not intend that the word 'injury' should include death." *Grass* v. *Catamount Dev. Corp.,* 390 Mass. 551, 554 (1983) (in the context of G. L. c. 143, § 71P). Numerous statutes incorporate the term "injury or death" or a similar expression, when the Legislature intends that they should apply to claims for wrongful death as well as to claims for injuries not resulting in death. See, e.g., G. L. c. 40, § 4; G. L. c. 131, § 60; G. L. c. 142, § 13; G. L. c. 152, §§ 1 (4), 7A, 31, 54A; G. L. c. 153, § 6; G. L. c. 166A, § 5 (*c*); G. L. c. 175, §§ 22A, 22C,

47 (Fifth and Sixth), 48, 56, 102A, 108 (9), 111, 111C, 112, 113L; G. L. c. 197, § 9A; G. L. c. 214, § 3 (9); G. L. c. 231, § 85G; G. L. c. 258, § 2; G. L. c. 258A, § 1; G. L. c. 260, § 4.

Because G. L. c. 81, § 18, is limited to actions for personal injury, and no other statute exists which limits the Commonwealth's liability in this instance, the terms of G. L. c. 258, § 2, specifically expose the Commonwealth to liability "in the same manner and to the same extent as a private individual . . ." under G. L. c. 229, § 2. Such a result places the Commonwealth and other government entities in parallel positions with regard to the liability for personal injury and wrongful death arising from a defect in a public way. In *Gallant* v. *Worcester, supra,* this court recognized the continued vitality of G. L. c. 84, § 15, after the enactment of G. L. c. 258, § 2, for "injury or damage" caused by a defect in a public way maintained by a "county, city, town or person" and further recognized an action against a municipality for wrongful death under G. L. c. 229, § 2. By the same reasoning, the Commonwealth remains liable under G. L. c. 81, § 18, for "injury" caused by defects on State highways, while wrongful death actions against the Commonwealth are cognizable under G. L. c. 229, § 2. As stated in *Tomasello* v. *Commonwealth, supra* at 286, "[i]n St. 1978, c. 512, § 18, the Legislature treated the State and its political subdivisions as one category. There is no apparent reason for us to make a distinction."

The Commonwealth's liability under both G. L. c. 81, § 18, and G. L. c. 258, § 2, is limited, but to different amounts. Under G. L. c. 81, § 18, liability is limited to $4,000, while under G. L. c. 258, § 2, liability is limited to $100,000. The Commonwealth argues that the Legislature could not have intended such a wide disparity in the various consequences causally related to defects in State highways. This argument was disposed of in a similar situation by the recognition that "the Legislature might reasonably choose to put a wrongful death claimant on a different footing from one claiming injury by virtue of a defect in a way. The latter claims are likely to be myriad in number, to run a whole range of harm, and to constitute a constant drain on the governmental treasury. . . .

Death claims, on the other hand, being drastic in the extreme and relatively infrequent, need not be constrained to the recovery limits of G. L. c. 84." (Citations omitted.) *Gallant, supra* at 714.

This court has held that G. L. c. 258, § 2, does not in and of itself enlarge governmental liability beyond the remedies established under the common and statutory law. *Dinsky* v. *Framingham,* 386 Mass. 801, 804 (1982) ("[T]he Act simply removed the defense of immunity in certain tort actions against the Commonwealth, municipalities and other governmental subdivisions"). A result in which the Commonwealth is liable under G. L. c. 229, § 2, in this instance, does not conflict with this holding. As stated in *Gallant,* § 2 of G. L. c. 258 "simply permits a person in the position of the plaintiff to have recourse to the previously established general wrongful death remedy, G. L. c. 229, § 2." *Gallant, supra* at 714.

We conclude that the Commonwealth's motions for a directed verdict and for judgment notwithstanding the verdict were properly denied.

2. During the course of the trial, the plaintiff introduced evidence that, during the years 1975 through 1980, twenty-one accidents occurred at the intersections of Moulton and Gardner Streets and Route 1A in Hamilton. The admission of this evidence was challenged by the Commonwealth. Later, and again over the objection of the Commonwealth, Murray Segal, a transportation consultant qualified as an expert witness for the plaintiff, testified that, in his opinion, this number of accidents at a particular location over a six-year period was significant. This testimony was contradicted by a witness for the Commonwealth, who stated that a total of twenty-one accidents at a particular location in a six-year period was not significant. During the Commonwealth's case-in-chief, the court excluded from evidence statistics of average daily traffic volumes on Route 1A in Hamilton at the Ipswich town line. The Commonwealth argues that the admission of Segal's testimony and the exclusion of the statistics by the trial court were incorrect and prejudicial in light of all the circumstances. We agree. *Robitaille* v. *Netoco Community Theatre of N. Attleboro, Inc.,* 305 Mass. 265, 268 (1940), and cases cited.

"The admissibility of evidence of injury to others at other times by reason of the same thing that caused the plaintiff's injury, for the purpose of showing that thing to be dangerous, has often come before this court. Such evidence is open to grave objections. Its persuasive force depends upon similarity in the circumstances of different injuries, of which it is hard to be certain. Substantial identity in the alleged defective condition is only the first essential. The person who was injured at the time to which the offered evidence relates may have been defective in eyesight, feeble, or careless. The fact that he was injured may have little or no bearing upon the danger to a normal traveller. Moreover, though the same defective condition may have been present at both times, the actual causes of the two injuries may have been different. Unless a comparison of the circumstances and causes of the two injuries is made, the injury to another is without significance. But if such a comparison is undertaken, the minds of the jurors must be diverted from the injury on trial into a detailed and possibly protracted inquiry as to injuries received by others at various times. Those injuries have only a collateral and often minor bearing upon the case. As to them the opposing party will often be ill prepared to present evidence. There is danger that a jury may disregard the real differences in the circumstances of the two incidents, and find upon mere superficial similarity that a dangerous condition existed. Similar considerations apply where evidence that other people, confronted at other times with the same alleged danger, suffered no injury, is offered to prove the want of a dangerous condition." *Id.* at 266-267.

It is true that where substantial identity in the circumstances appears, and the danger of unfairness, confusion or undue expenditure of time in the trial of collateral issues seems small, the admission of such evidence has resided in the judge's sound discretion. *Williams* v. *Holbrook,* 216 Mass. 239, 241 (1913). That was clearly not the case here. No such identity of circumstances was shown, nor was the error cured by permitting the defense to present evidence that the twenty-one accidents were not significant, because the other accidents simply were not shown to be relevant. The matter was exacerbated by the

judge's refusal to allow the defense to offer related statistics. We reverse the judgment of the Superior Court, and remand the case for a new trial.

*So ordered.*