FRANK MINASIAN vs. CITY OF SOMERVILLE.

No. 94-P-971.

Middlesex. October 10, 1995. - February 5, 1996.

Present: ARMSTRONG, PORADA, & LENK, JJ.

*Negligence,* Municipality. *Municipal Corporations,* Liability for tort. *Way,* Public: defect. *Massachusetts Tort Claims Act. Words,* "Defect."

The provisions of G. L. c. 84, § 18, governing actions alleging injuries caused by defects in public ways, were applicable to a claim for injuries sustained by a plaintiff when he fell into an unattended, unguarded open manhole in a sidewalk of a city street at night, and where the plaintiff did not comply with the notice provisions of the statute, the judge correctly ordered summary judgment for the municipality. [25-27] LENK J., dissenting.

CIVIL ACTION commenced in the Superior Court Department on December 13, 1991.

The case was heard by *Thayer Fremont-Smith,* J., on a motion for summary judgment.

*Bernard A. Kansky* for the plaintiff.

*Charles F. Haverty, III,* Assistant City Solicitor, for the defendant.

PORADA, J. The plaintiff filed a negligence action in the Superior Court against the city of Somerville (city) to recover damages for injuries sustained by him when, *according to plaintiff's averments,* he fell into an unattended, unguarded, open manhole *in a sidewalk* of a city street at night. The city moved to dismiss the action on the ground that G. L. c. 84, which governs actions alleging injuries caused by defects in public ways, provides the exclusive remedy against the city and that the plaintiff failed to give timely notice of his claim as a condition precedent to bringing such an action.[1] G. L. c.

[1]The plaintiff acknowledges that he did not give the city notice of his injury within the thirty days required by G. L. c. 84, § 18.

84, § 18. The motion to dismiss was denied by a Superior
Court judge, citing *D'Urso* v. *Methuen*, 338 Mass. 73 (1958).[2]
The defendant then filed a motion for summary judgment on
the same ground. The plaintiff appeals from the allowance of
this motion and from the denial of his motion for reconsidera-
tion. We affirm.

"The law is well established in this Commonwealth that
the 'exclusive remedy for a claim of personal injury or prop-
erty damage against governmental entities responsible for
defects in a way is G. L. c. 84, § 15.' " *Wolf* v. *Boston Water
& Sewer Commn.*, 408 Mass. at 492 (1990), quoting from
*Huff* v. *Holyoke*, 386 Mass. 582, 585 (1982). See also *Gallant*
v. *Worcester*, 383 Mass. 707, 711 (1981) (exclusivity of G. L.
c. 84, §§ 15-25, expressly preserved by G. L. c. 258). A defect
is defined as "anything in the state or condition of the way
that renders it unsafe or inconvenient for ordinary travel."
*Gallant* v. *Worcester*, 383 Mass. at 711. The plaintiff argues
on appeal that his action is not governed by G. L. c. 84, but
rather by G. L. c. 258, because an open manhole, which is be-
ing used to drain water from a city street, is not a defect
under G. L. c. 84, § 15. He relies on the case of *Norris* v.
*Newton*, 255 Mass. 325 (1926), in which the Supreme Judicial
Court held that "the removal of the cover of [a] manhole
temporarily, while the sewers were being cleaned, was not a
defect in the highway within the meaning of the statute. . . .
If by reason of the open manhole the street was unsafe for
travel, it was but a transitory defect for which the city is not
legally responsible" (citation omitted). *Id*. at 327. We consider
the *Norris* case distinguishable from the present case and,
thus, not controlling.

In *Norris*, the open manhole was guarded by a city em-
ployee who stepped aside momentarily to allow a street car to

[2]In *D'Urso* v. *Methuen, supra*, the Supreme Judicial Court held that a
person injured when his car went into an unguarded trench excavated by
the town's water department was not confined to the statutory remedy for
a defect in the highway under G. L. c. 84, § 15, but could bring an action
against the town for common law negligence because the digging of the
trench arose from the town's operation of its water system, which was
viewed as a nongovernmental enterprise. *Id*. at 74-75. The distinction be-
tween governmental and nongovernmental functions, however, was
abrogated by the enactment of the Massachusetts Tort Claims Act, G. L. c.
258. See *Wolf* v. *Boston Water & Sewer Commn.*, 408 Mass. 490, 493 n.4
(1990).

pass. As the car was passing over the manhole, the street car came off its wire. Immediately the motorman stopped the car and stepped out the rear door of the car into the street to put the wire back on, when he fell into the open hole. In those circumstances, the Supreme Judicial Court determined that the defendant's liability under the statute had not been established. *Id.* at 326-327.

While it is true that in both cases the open manhole was being used for a purpose for which it was intended, namely to drain water from the city streets, what distinguishes the present case from *Norris* is the fact that, while the work was in progress, the city failed to provide some suitable means to warn travellers that this part of the sidewalk was unsafe and dangerous. See *Winship* v. *Boston*, 201 Mass. 273, 275 (1909) (while public ways cannot properly be maintained without frequent repairs that cannot be classified as defects, yet ordinarily, when in progress, they may render the ways defective and unsafe if left open to travellers without sufficiently warning them of the dangers arising from the work); *Flynn* v. *Hurley*, 332 Mass. 182, 187 (1955). While the plaintiff admits that a truck belonging to the department of public works and occupied by two city employees was parked adjacent to the manhole and that there were barrels blocking the entrance to the street, the plaintiff avers that no barriers had been erected or any warning posted to indicate the danger of the open manhole. In these circumstances, we conclude that the open manhole without any warning of the danger posed falls within the broad definition of a "defect," "anything in the state or condition of the way that renders it unsafe or inconvenient for ordinary travel." *Gallant* v. *Worcester*, 383 Mass. at 711. *Ram* v. *Charlton*, 409 Mass. 481, 486 (1991). Where the alleged negligence lies in street maintenance, the exclusive remedy lies with G. L. c. 84, and not with G. L. c. 258, as the plaintiff contends. *Id.* at 489.

The plaintiff's other claims on appeal are unavailing. The Superior Court judge who allowed the motion for summary judgment was not precluded from doing so simply because another Superior Court judge had denied a motion to dismiss which raised the same issue. "Though there is no duty to reconsider a case, an issue, or a question of fact or law, once decided, the power to do so remains in the court until final judgment. . . ." *Peterson* v. *Hopson*, 306 Mass. 597, 601

(1940). The plaintiff's remaining claims do not rise to the level of appellate argument required by Mass.R.A.P. 16 (a)(4), as amended, 367 Mass. 921 (1975), and merit no discussion. See *Lolos* v. *Berlin*, 338 Mass. 10, 14 (1958).

*Judgment affirmed.*

*Order denying motion to reconsider affirmed.*

LENK, J. (dissenting). Unquestionably, the trend of recent case law is an expansive reading of G. L. c. 84, § 15, such that virtually all public roadway conditions and deficiencies which are implicated in personal injuries and property damage are construed as defects under the statute. However, *Norris* v. *Newton*, 255 Mass. 325, 327 (1926), on which the plaintiff relies, is clear that "the removal of the cover of the manhole temporarily, while the sewers were being cleaned, was not a defect in the highway within the meaning of the statute."

In the case before us, and viewing the facts, as we must, in the light most favorable to the plaintiff, the plaintiff was injured when he fell into a temporarily open manhole in the sidewalk of a flooded street on a windy, stormy, and rainy night. The manhole had been opened to drain the flooded roadway, and it was located immediately adjacent to a parked Somerville department of public works truck with two employees inside it. Entry by motor vehicle onto this flooded road on which the plaintiff wished to travel was barred by barrels ostensibly placed there by the Somerville department of public works employees. The plaintiff accordingly left his vehicle and approached the department of public works truck on foot to ask about removing the barrels. As he was knocking on the truck's window, he fell into the open manhole.

The majority attempts to distinguish this case from *Norris* v. *Newton*, *supra*, on its facts. Because I do not believe the facts before us permit us to conclude, as the majority does, that the open manhole here, unlike *Norris*, was left unguarded and unattended, I do not think this case is factually distinguishable from *Norris* and hence conclude that *Norris* must control the result here.

Accordingly, I dissent and would reverse the allowance of the defendant's motion for summary judgment.