Whitehead, J.
Introduction
Plaintiff, LaVerne W. McCarthy, has brought this action against defendant, the Town of Andover, to recover damages for personal injuries which plaintiff sustained when she tripped and fell over a water pipe protruding from a Town sidewalk. She seeks recovery *618 on three bases: (1) the provisions of G.L.c. 84, §15 (defect in a municipal way); (2) common law negligence: and (3) the provisions of G.L.c. 258 (the “Massachusetts Tort Claims Act”). Defendant has brought a motion for partial summary judgment in its favor on all but so much of the complaint as alleges liability for a defect in a public way. For the reasons discussed below, the motion is ALLOWED.
FACTS
The undisputed facts are as follows: At approximately 9:15 a.m., on October 4, 1990, plaintiff was walking on a sidewalk along Barnard Street, a Town way, in Andover. While in the vicinity of 17 Barnard Street, she tripped and fell over a water pipe that was protruding above the plane of the sidewalk. The pipe was one maintained by the Town as part of its municipal water distribution system. Plaintiffs fall caused severe injury to her right knee.
DISCUSSION
It is generally true that the “exclusive remedy for a claim of personal injury or property damage against governmental entities responsible for defects in a way is G.L.c. 84, §15.” Huff v. Holyoke, 386 Mass. 582, 585 (1982); Gallant v. Worcester, 383 Mass. 707, 711 (1981) (exclusivity of G.L.c. 84, §§15-25 expressly preserved by Massachusetts Tort Claims Act, G.L.c. 258). In this context, a “defect” is defined as any condition making a way “unsafe or inconvenient for ordinary travel.” Wolf v. Boston Water & Sewer Commission, 408 Mass. 490, 492 (1990), quoting Gallant v. Worcester, supra. An exception to the exclusivity of c. 84 does exist: When a plaintiffs injury results from a condition created by a municipality during construction or ongoing maintenance of its own sewer or water supply, recovery in common law negligence is permitted. See, e.g., D’Urso v. Methuen, 338 Mass. 73 (1958); Green v. West Springfield, 323 Mass. 335 (1948); Sloper v. Quincy, 301 Mass. 20 (1938). However, recovery under this exception is limited to cases where there has been “active negligence by a governmental entity in the construction of a sewer or water works or in the actual performance of specific maintenance activities.” Farrell v. Boston Water and Sewer Commission, 24 Mass.App.Ct. 583, 590 (1987) (emphasis supplied).
A determination of whether or not a municipality has been “actively negligent” “in the construction of’ its works or in the “actual performance of specific maintenance activities” can require very fine line-drawing. See generally, Minasian v. Somerville, 40 Mass.App.Ct. 25, 26-27 (1996). However, the present case requires no such line-drawing. There is nothing in the record to suggest that the water distribution system in the area in which the plaintiff fell was actively under construction or actively being maintained by the Town at the time of her fall. “The [Town’s] negligence, if any, was the failure to inspect the sidewalk and to repair it. Where, as in this case, the alleged negligence is in street maintenance, the exclusive remedy is under G.L.c. 84.” Farrell v. Boston Water and Sewer Commission, supra (citations omitted).
ORDER
It is hereby ORDERED that summary judgment enter for the defendant on Counts II and III of the complaint.