Houston, J.
On October 7, 1996, plaintiffs filed a five-count Complaint against defendants arising from an automobile accident. Defendant Town of Concord (“Concord”) filed a Motion to Dismiss Count I and Count II pursuant to Mass.R.Civ.P. 12(b)(6). Defendant Thomas F. Barry (“Barry”),joined the motion to dismiss Count II. On May 2, 1997, after argument, defendants’ motion was denied on Count I and allowed on Count II. On May 16, 1997, Concord moved for reconsideration on Count I. On May 20, 1997, Concord’s motion for reconsideration was allowed, and Count I was dismissed against Concord as well. Plaintiffs now move for reconsideration, arguing that both the claims in Count I and Count II were wrongly dismissed. For the reasons stated below, plaintiffs, motion is ALLOWED in part and DENIED in part.
BACKGROUND
On October 12, 1994, Calixte C. Adrian, the decedent, was fatally injured in an automobile accident with defendant Barry. Decedent was making a left turn onto Lowell Road in Concord, Massachusetts, when Barry, driving in the opposite direction on Lowell Road, collided with decedent’s car. Plaintiffs allege that a sight obstruction, caused by vegetation overhanging a fence on the corner of the intersection, significantly contributed to the accident.
In Count I, plaintiff, the estate of Calixte C. Adrian, asserts claims for conscious pain and suffering and wrongful death. In Count II, plaintiff Marie Adrian, decedent’s widow, asserts a claim for loss of consortium related to decedent’s conscious suffering. Defendant Concord’s Motion to Dismiss Count I was previously denied, and defendants Concord and Barry’s Motion to Dismiss Count II was previously allowed, on the grounds that a loss of consortium claim derivative of a wrongful death claim brought under G.L.c. 229, §2 must be brought by the decedent’s executor or administrator. On Concord’s Motion for Reconsideration, Count I was dismissed since Concord was immune from liability under G.L.c. 84, §15.
Plaintiffs now move for reconsideration of the dismissal of Counts I and II. Plaintiffs raise two issues: (1) whether the Damages for Defects in Ways statute, G.L.c. 84, §15, or the Wrongful Death statute, G.L.c. 229, §2 applies to Count I; and (2) whether a pre-death loss of consortium claim, Count II, is available to the decedent’s surviving spouse.
DISCUSSION
This is a motion to reconsider a ruling on a motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6). When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), this court accepts as true the well-pleaded factual allegations of the complaint, as well as any reference which can be drawn therefrom in the plaintiffs favor. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991), and cases cited. “[The] complaint should not be dismissed for failure to state a claim unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 371 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). “Furthermore, the allegations of the complaint, as well as such inference as may be drawn therefrom in the plaintiffs favor, are to be taken as true.” Id.
There is no requirement that a complaint state the correct substantive theory of the case. Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979), Mass.R.Civ.P. 8(a)(2). Reference to any particular statute does not preclude relief on other legal theories. Id.
As explained below, in Count I plaintiff alleges facts that may allow it to state claims under two distinct theories. Specifically, while plaintiff does not allege sufficient facts to state a claim under G.L.c. 81, §18, Defects in Public Highways, and G.L.c. 84, §15, Damages for Defects in Ways, plaintiff does allege sufficient facts to state claims under G.L.c. 258, §2, the Massachusetts Tort Claims Act (MTCA), and under G.L.c. 229, §2, the Wrongful Death statute. In addition, in Count II plaintiff Maria Adrian, as surviving spouse, states a claim for pre-death loss of consortium related to the conscious pain and suffering.
A. Plaintiffs claim in Count I under G.L. 81, §18 and G.L.c. 84, §15.
Under Chapter 84, §15, which is incorporated by reference into G.L.c. 81, §18, a plaintiff must allege that a municipality had reasonable notice of a defect or want of repair, that a plaintiffs injuries might have been prevented had the municipality used reasonable care to remedy the dangerous condition, and that the municipality’s negligence was the sole cause of the plaintiffs injuries. Tomasello v. Commonwealth, 398 Mass. 284, 286 (1986); G.L.c. 84, §15, G.L.c. 81, §18. Here, plaintiff alleges that Concord had actual or constructive knowledge of a dangerous condition at *413 the intersection in question, that it failed to take reasonable steps to remedy the dangerous condition, and that as a result plaintiff suffered serious personal injury. However, plaintiff does not allege that Concord’s negligence was the sole cause of the decedent’s injuries, and therefore plaintiff fails to state a claim under G.L.c. 84, §15. Tomasello, 398 Mass. at 286. Therefore, insofar as plaintiff states a claim under Chapter 81 and Chapter 84, that portion of Count I was properly dismissed. Accordingly, plaintiffs motion is denied on this issue.
B. Plaintiffs claim in Count I under the Wrongful Death statute, G.L. 229, §2, and the MTCA, G.L.c. 258, §2.
Defendant Concord argues that plaintiffs claim in Count I is governed solely by Chapters 81 and 84. Prior to the enactment of the MTCA, Chapter 84 was the exclusive remedy for claims against governmental entities responsible for defects in ways. Gallant v. Worcester, 383 Mass. 707, 711 (1981); Whalen v. Worcester Elec. Light Co., 307 Mass. 169, 174 (1940). When enacting the MTCA, the Legislature preserved the recovery limits of Chapter 81, which incorporates by reference G.L.c. 84, §§15, 18, and 19. Tomasello, 398 Mass. at 286. However, while Section 2 of the MTCA “simply removed governmental immunity in certain tort actions,” Dinsky v. Framingham, 386 Mass. 801, 804 (1982), the Legislature, as a matter of policy, did not intend for recovery under the MTCA to be confined by Chapter 84. “Death claims . . . being drastic in the extreme and relatively infrequent, need not be constrained by the recovery limits of G.L.c. 84.” Gallant, 383 Mass. at 714. Section 2 of the MTCA “simply permits a person [making a claim against a municipality] to have recourse to the previously established general wrongful death remedy, G.L.c. 229, §2.” Id. Furthermore, the Supreme Judicial Court stated definitively in Kromhaut v. Commonwealth, 398 Mass. 687 (1986), that Chapter 81, §18 is limited to actions for personal injury, and does not include claims for wrongful death. Id. at 690-91.
Therefore, insofar as plaintiff states a claim for wrongful death and conscious pain and suffering, the MTCA and G.L.c. 229, §§2 and 6 (conscious suffering) govern the plaintiffs claim. Specifically, plaintiff alleges that Concord had a duty to prune the vegetation which caused the sight obstruction, and that Concord had adequate notice of the dangerous condition; that Concord’s failure to do so caused the automobile collision from which plaintiff suffered serious personal injury and conscious pain and suffering; and that decedent later died as a result of these injuries.
Furthermore, Concord’s alleged negligence does not fall within the discretionary function exception to the MTCA. Section 10(b) of the MTCA excepts any public employer or employee from potential liability for a claim based on the performance or failure to perform a discretionary act. Sanker v. Town of Orleans, 27 Mass.App.Ct. 410, 411 (1989). “Discretionary acts” of a municipality means “weighing alternatives and making choices with respect to public policy and planning.” Id. at 412, quoting Whitney v. Worcester, 373 Mass. 208, 216-20 (1977). The approval of the location of utility poles and the design of public roads are examples of “public policy and planning,” and thus are discretionary. Id. In contrast, “[t]he day to day care and maintenance of a public road seems at the opposite end from policy and planning." Id. In Sanker, the Court found that the failure to prune an overhanging branch, which killed a motorcyclist who struck it, fell outside of the category of “policy and planning,” and hence the municipality was open to liability. Id.
Plaintiff alleges that Concord “failed to take reasonable steps to remedy, reduce, or ameliorate the dangerousness of the conditions,” and that Concord “permitted excessive and dangerous vegetation and growth, a fence and other obstructions to interfere with the sight distance and view of motorists approaching ...” Taking the plaintiffs allegations as true, Eyal, 411 Mass. at 429, Concord’s alleged failure to prune the vegetation overhanging the fence on the corner of the intersection constitutes maintenance rather than public policy and planning. Therefore, the discretionary acts exception under the MTCA Section 10(b) does not apply. Accordingly, plaintiffs motion for reconsideration is allowed on this issue.
C. Plaintiff Maria Adrian’s Loss of Consortium claim
Plaintiff Maria Adrian also moves for reconsideration of the dismissal of her claim for loss of consortium under the MTCA. Specifically, she argues that she may state an independent claim for loss of consortium during the period of time between the decedent’s injury and his death.
In wrongful death claims, “the executor or administrator presents all claims by the designated beneficiaries for damages flowing from the wrongful death.” Hallett v. Wrentham, 398 Mass. 550, 555 (1986). However, Maria Adrian’s claim is for pre-death loss of consortium. It is well established that either spouse may claim loss of consortium arising from the personal injury of the other spouse caused by the negligence of a third party. Eyssi v. Lawrence, 416 Mass. 194, 198 (1993), Diaz v. Eli Lilly & Co., 364 Mass. 153 (1973). Because this is not a claim flowing from the decedent’s wrongful death, Hallett does not apply. Therefore, plaintiffs motion for reconsideration is allowed as to Count II.
ORDER
For the foregoing reasons, plaintiffs Motion for Reconsideration is DENIED as to plaintiffs claim under G.L.c. 81, §18 and G.L.c. 84, §15 against Concord in Count I. Plaintiffs Motion for Reconsideration is ALLOWED as to plaintiffs claim under G.L.c. 258 and G.L.c. 229 against Concord in Count I. Plaintiffs *414 Motion for Reconsideration as to Count II is ALLOWED.