Fremont-Smith, J.
On July 28, 1996 Plaintiff, Jessica Harkness (“Jessica”), then age nine, fell from her bicycle upon riding into a hole in a Lynn sidewalk. As a result of her fall, Jessica suffered a laceration to her right arm requiring sutures. In her three-count amended complaint, Jessica, through her parents, alleges the City of Lynn (the “City”) is liable under G.L.c. 84, §18 for failing to properly maintain the sidewalk (Count I); Lynn Water & Sewer Commission (the “Commission”) is liable under G.L.c. 258 (Count II) and the Commission is liable under a common law negligence for failing to properly repair the sidewalk following its excavation of the site (Count III). This matter is before the court on the Commission’s Motion for Summary Judgment on Count II and III of the complaint. For the reasons stated below, the Commission’s motion is ALLOWED.
BACKGROUND
On July 28, 1996, Michael and Jessica Harkness, father and daughter, rode their bicycles along Brook-line Street in Lynn, Massachusetts. While riding on the sidewalk, Jessica fell into a 4’x4’x4" hole in the pavement. As a result, Jessica suffered a lacerated right arm which required stitches and caused permanent scarring.
The record reflects that the Commission dug a hole in the sidewalk on February 9, 1996, while repairing the water service at 77 Brookline Street. Upon completing that job, the Commission placed a temporary patch on the sidewalk, a common practice following excavations conducted during the winter months, and shortly after the accident, the Commission placed a permanent concrete patch on the site on August 26, 1996.
Plaintiffs commenced this action in May 1997, and filed an amended complaint in July 1999. The Commission moves under Mass.R.Civ.P. 56(c) for summary judgment on Count II (the G.L.c. 258 claim) and III (the common law negligence claim) of the complaint.[3]
DISCUSSION
The court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commission of Correction, 390 Mass. 419, 422 (1983). Accord Massachusetts Bay Transp. Authy. v. Allianz Ins. Corp., 413 Mass. 473, 476 (1992). The moving party bears the burden of demonstrating affirmatively that there is no genuine dispute of material fact on every relevant issue. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Where the party opposing summary judgment carries the burden of proof at trial, and the moving party demonstrates that the opposing party has no reasonable expectation of establishing an essential element of his case, summary judgment is appropriate unless the party opposing the motion sets forth specific facts showing a genuine issue for trial. Kourouvacilis v. General Motor Corp., 410 Mass. 706, 716 (1991).
Count II (G.L.c. 258 claim against the Commission)
Under the Massachusetts Tort Claims Act, public employers are liable for personal injury caused by the negligent or wrongful acts of public employees, while acting within the scope of that employment, in the same manner and to the same extent as private individuals under like circumstances. G.L.c. 258, §2. As a general matter, the remedy provided by G.L.c. 258 (which permits recovery of damages up to $100,000) is exclusive of any other civil action or proceeding. Id. See also Schenker v. Binns, 18 Mass.App.Ct. 404 n. 2 (1984). Nevertheless, a claim for damages resulting from injuries sustained due to defects in a public way is controlled exclusively by G.L.c. 84, §15, a provision expressly preserved under the Tort Claims Act. Gallant v. Worcester, 383 Mass. 707, 711-12 (1981).
In response, Plaintiff argues that the exclusivity of G.L.c. 84 yields to a commercial “construction and maintenance exception” for sewer and water construction or maintenance which are commercial rather than governmental in nature and are hence not “defects in the public way” for purposes of the Tort Claims Act and G.L.c. 84. D’Urso v. Methuen, 338 Mass. 73 (1958); Green v. West Springfield, 323 Mass. 335 (1948); Sloper v. Quincy, 301 Mass. 20 (1928). Therefore, plaintiff urges, she is not subject to the exclusivity of G.L.c. 84, and may proceed under the Tort Claims Act.
Plaintiffs reliance on the above cases is misplaced. The “construction and maintenance exception” cited in those cases relied on a distinction between governmental and nongovernmental or proprietary functions, but that distinction was abrogated by the Massachusetts Tort Claims Act. See Wolf v. Boston, 408 Mass. 490, 492, n. 4 (1990); Minasian v. Somerville, 40 Mass.App.Ct. 25, 26, n. 2 (1996); Baird v. Massachusetts Bay Transit Authority, 32 Mass.App.Ct. 495, 498 (1992). The relevant question is not whether the injury results from construction or maintenance or as part of a commercial enterprise, but whether the injury resulted from a “defect” in the way. A defect is “anything in the state or condition of the way that renders it unsafe or inconvenient for ordinary travel.” Gallant v. Worcester, 383 Mass. at 711. Where, as here, injury results from a defect in the way, G.L.c. 84, not G.L.c. 258 or common law, is the exclusive remedy against a “ ‘person’ by law obligated to repair the scene.” G.L.c. 84 §15; Minasian v. Somerville, 40 Mass.App.Ct. at 27.
A “person” for the purposes of G.L.c. 84 includes a quasi corporation, like the Commission, undertaking municipal functions. Wolf v. Boston Water & Sewer Commission, 408 Mass. at 492. A proper G.L.c. 84 defendant is one with a duty to repair defects in the public ways. Here, the Commission had a duty to repair the sidewalk which it had excavated. See chapter 381 of the laws of 1982, “An Act Establishing the Lynn Water & Sewer Commission and Defining the Powers Thereof,” (g) and (I)[4] and Wolf v. Boston Water *411 & Sewer Commission, 408 Mass. at 493. Therefore, Plaintiff has no cause of action under G.L.c. 258 against the Commission.[5]
II. Common law negligence claim against the Commission.
Count HI of Plaintiffs complaint is for common law negligent failure to cover, repair, or warn travelers of the hazard created by the hole in the sidewalk. Plaintiff argues that because the Commission has not established that it is a “public employer” under G.L.c. 258, it has not established that the Tort Claims Act, rather than nonstatutory, common law applies to this action. But as noted, supra, the exclusive remedy here is under G.L.c. 84, not G.L.c. 258, so that whether it is a “public employer” under c. 258 is irrelevant. Wolf v. Boston Water & Sewer Commission, supra.
ORDER
For the forgoing reasons, the Commission’s motion for summary judgment on Counts II and III of Plaintiffs complaint is ALLOWED.

The Commission is not a defendant to Count I, which addresses the City of Lynn only.

Section 7 of its enabling act empowers the Commission: “(i) To construct, improve, extend, enlarge, maintain and repair the water works system and the sewer works system, and with respect to such works the Commission shall be deemed to be a public agency...” The enabling act also states that “(g) The Commission shall have all powers pertaining to the water works system and the sewer works system held by the city not enumerated herein, as may be necessary for and incident to carry out the forgoing powers and to the accomplishment of the purposes of this act. . ." There is no dispute that the Commission dug up, patched and finally repaired the sidewalk in the legal exercise of its powers and responsibilities under the Act.

It is therefore irrelevant whether proper presentment was made under c. 258. Assuming that presentment was made, the plaintiff would have a cause of action against the Commission under c. 84, but has, so far at least, made no such claim.